# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | Civil Action No.: 3:17-cr-00351-JMC-1 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Michael K. Carter, a/k/a/ Blaze, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the court is Defendant Michael K. Carter's Motion for Recusal of the undersigned from this matter pursuant to 28 U.S.C. § 455(a). (ECF No. 190.) Specifically, Defendant asserts that the undersigned should be disqualified based on her "erroneous denial" of Defendant's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 (ECF No. 122 at 1-2.) The Government did not file a response to Defendant's Motion. For the reasons set forth below, the court **DENIES** Defendant's Motion for Recusal.

Defendant's Motion primarily argues that the court delayed ruling on multiple "different motions which all have been pending almost a year." (ECF No. 190 at 1.) Defendant claims the delay shows prejudice and that the court does not "respect his due process [*sic*] or care for his civil rights complaints." (*Id.*) He asks the undersigned to recuse herself so another judge can provide a quicker resolution for his claims. (*Id.*) Here, the court finds Defendant seeks recusal under the "personal bias or prejudice" prong of 28 U.S.C. § 455(b)(1).

The court notes, at this stage, there are only three pending motions in Defendant's case: (1) Defendant's Motion to Compel 35(b) Motion (ECF No. 158), (2) Defendant's Motion to Reopen § 2255 Petition under Fed. R. Civ. P. 60(b)(6) (ECF No. 166), and (3) Defendant's Motion for Recusal (ECF No. 190). While Defendant has filed multiple motions requesting various remedies

over the three years since he pleaded guilty under 18 U.S.C. § 2422 and was duly sentenced, all of these motions have since been decided, with many withdrawn by Defendant himself.[1]

## I.    LEGAL STANDARD AND ANALYSIS

### A.    Recusal of Federal Judges Generally

Recusal of federal judges is generally governed by 28 U.S.C. § 455. Section 455 provides in pertinent part that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In the Fourth Circuit, this standard is analyzed objectively by considering whether a reasonable person with knowledge of the relevant facts and circumstances might question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). The "reasonable person" is not a judge, but is a "well-informed, thoughtful observer," who is not "hypersensitive or unduly suspicious." *Rosenberg v. Currie*, C/A No. 0:10-1555-DCN-PJG, 2010 WL 3891966, at *1 (D.S.C. Sept. 3, 2010) (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998); *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)); *see also Cherry*, 330 F.3d at 665 ("A presiding judge is not, however, required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation.'") (citation omitted).

Section 455 also provides a list of other specific situations where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer. 28 U.S.C. § 455(b). For example, a judge is disqualified "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . ." 28 U.S.C.

---

[1] Defendant also argues that he "did not have a chance to appeal" the denial of his Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 (ECF No. 122) because he was in transit. (ECF No. 190 at 1.) The record indicates however, that Defendant timely appealed the court's ruling (*see* ECF No. 137), and the United States Court of Appeals for the Fourth Circuit dismissed his appeal after independently reviewing the record and finding "the facts and legal contentions [were] adequately presented in the materials before [it]." (ECF No. 156 at 2.)

§ 455(b)(1).  Bias or prejudice must be proven by compelling evidence.  *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000).

The Supreme Court of the United States has indicated that a requisite showing of bias or personal prejudice will most frequently arise from an extrajudicial source rather than the trial judge's rulings and expressed opinions during the case itself:

> "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966).  In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), [judicial opinions] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal."

*Liteky v. United States*, 510 U.S. 540, 555 (1994).  Notably, the Court explained that "[a] judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary effort at courtroom administration—remain immune."  (*Id*. at 556); *see also United States v. Hill*, 622 F. App'x 193, 194-95 (4th Cir. 2015) ("[T]o disqualify a judge, the 'bias or prejudice must, as a general matter, stem from a source outside the judicial proceeding at hand.'") (quoting *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011)).

## B.     The Court's Review

Here, Defendant argues the undersigned has not ruled on different motions which allege "egregious behavior" by federal prosecutors who "violated all [of Defendant's] civil rights and brought a sham prosecution against" him.  (ECF No. 190 at 1.)  Defendant alleges the undersigned has refused to adjudicate his motions "along with his other delayed constitutional and civil rights claims."  (*Id*.)  The court is unsure to which claims the latter allegation refers.  Turning to the alleged delay in deciding the pending motions, the court finds Defendant's Motion fails to prove his allegations by "compelling evidence," *Brokaw*, 235 F.3d at 1025, and is therefore without merit.

Here, Defendant has provided no evidence, let alone compelling evidence, that the undersigned has not been impartial or has a personal bias or prejudice against him. Instead, it appears his primary grievance amounts to a disagreement with the substance and timeline of the court's rulings. (*See* ECF No. 190 at 1 (referring to the court's "erroneous denial" of Defendant's Motion to Vacate under 28 U.S.C. §2255)). Throughout these proceedings, Defendant has filed multiple "Motions to Expedite" the court's decision (*see, e.g.*, ECF Nos. 104, 114, 115, 171, 175, 176), sometimes within less than a month after each motion became ripe for decision.

Ultimately, "while recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." *Belue*, 640 F.3d at 574. This idea applies in equal force to the process and timing by which a trial judge handles her docket, an issue which falls squarely within the court's discretion. *See, e.g., United States v. Inman*, 483 F.2d 738, 740 (4th Cir. 1973); *United States v. Colon*, 975 F.2d 128, 130 (4th Cir. 1992). The court alone, guided by the requirements of the Civil Justice Reform Act, 28 U.S.C. §§ 473-482 ("CJRA"), is responsible for managing its caseload and balancing the "need for [] judicious and reasoned consideration" of cases, *Colon,* 975 F.2d at 130, with their expeditious resolution. And in any case, the court "is under no obligation imposed by Congress, other than the [CJRA], or by [a party] to adjudicate this case according to any certain timetable." *Bibbs v. Mountain State Univ., Inc.*, C/A No.: 5:06-cv-00462, 2008 WL 759077, at *4 (S.D.W. Va. Mar. 19, 2008). Such delay does not form the basis for recusal on the grounds of bias or prejudice.

Therefore, the court concludes that the record does not support a finding of partiality, bias, or prejudice which would require the undersigned to withdraw from this matter. Accordingly, the motion for recusal must be denied.

## II.   CONCLUSION

For the reasons set forth above, the court **DENIES** Defendant Michael Carter's Motion for

Recusal of the undersigned.  (ECF No. 190.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 17, 2021
Columbia, South Carolina